IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |
|---|---|
| ERIC ORLANDO FOWLER, | ) ) ) |
| Plaintiff, | ) ) No. 24-857 |
| v. | ) ) Filed: November 18, 2024 |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

This action concerns Plaintiff Eric Orlando Fowler's bond proceedings in state court and alleged violations by state and federal officials of various statutory and constitutional provisions. Mr. Fowler appears to argue that the State of Florida illegally seized his property during the bond proceedings. He further appears to allege that the "Alien Property Custodian," Attorney General of the United States, and the "United States Treasurer" have violated his rights under the Trading with the Enemy Act, 50 U.S.C. § 4301 *et seq.* Before the Court is the Government's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court **GRANTS** the Government's Motion.

**I.   BACKGROUND**

On June 4, 2024, Mr. Fowler, who is currently incarcerated at the Northwest Florida Reception Center and is proceeding pro se, filed this civil action against numerous state officials and entities, including the Governor of Florida, Ron DeSantis; the Chief Financial Officer of the Florida Department of Financial Services; the Florida Department of Revenue; and Judge Mary

M. Handsel, as well as the Clerk of Court, of the Sixth Judicial Circuit of Florida.[1]  *See* Pl.'s Compl., ECF No. 1.  He asserts an array of claims, all of which appear related to an April 2018 bond or forfeiture proceeding, during which he alleges the State of Florida seized his property.  *See id.* at 3.

Mr. Fowler alleges that the state defendants committed "criminal offense(s)" by (1) making "illegal contracts," (2) seizing property with "imperfected title," (3) making fraudulent property claims, (4) engaging in fraudulent concealment, (5) illegally withholding title, (6) usurping and unlawfully seizing Mr. Fowler and his property, (7) being unjustly enriched, (8) fraudulently conveying Mr. Fowler's property, (9) engaging in fraud, (10) engaging in "inequitable conduct," (11) breaching "trust" with fraudulent intent, (12) abuse and misrepresenting their powers, (13) unlawfully detaining Mr. Fowler, (14) violating Mr. Fowler's due process rights, and (15) "actions of wrong doing without just compensation (against the 5th amend. of civilian due process of law)."  *Id.*  Later in Mr. Fowler's Complaint, he cites to Section 1 of the Fourteenth Amendment for the definition of "citizen," asserting that he has "unalienable rights to private property."  *Id.* at 4.  Property rights within Section 1 of the Fourteenth Amendment appear in the Due Process Clause.  *See* U.S. Const. amend. XIV, § 1 (prohibiting states from depriving "any person of life, liberty, or property, without due process of law").

Because Mr. Fowler has filed at least three federal complaints that were dismissed as frivolous, malicious, or for failure to state a claim, he is barred under the three-strikes rule from proceeding *in forma pauperis* ("IFP").  *See* 28 U.S.C. § 1915(g); Order Directing Payment of Fee, ECF No. 5.  On June 10, 2024, the Court directed Mr. Fowler to pay the filing fee necessary to

---

[1] In his Response to the Government's Motion to Dismiss, Mr. Fowler changed the caption to include the "United States Treasurer, Alien Property Custodian, [and] Merrick Garland," Attorney General of the United States, as defendants.  Resp. to Mot. to Dismiss at 1, ECF No. 18.

proceed with his action or risk dismissal under RCFC 41 for failure to prosecute his case. *See* ECF No. 5. The Court received his filing fee on June 28, 2024. The Government filed its Motion to Dismiss on August 1, 2024, arguing that this Court does not have jurisdiction to hear Mr. Fowler's claims and, in the alternative, that the Complaint fails to state a claim. *See* Mot. to Dismiss, ECF No. 8.

After the Government moved to dismiss, Mr. Fowler submitted several filings—some of which the Court rejected as deficient, *see* Orders, ECF Nos. 7, 11—that failed to respond to the Government's Motion to Dismiss or the arguments contained therein. *See* Cause of Action, ECF No. 10; Suit in Equity Demand for En Banc Strike Dismissal, ECF No. 13; Notice Rejecting Deficiency Mem., ECF No. 15. On September 9, 2024, the Court ordered Mr. Fowler to file a response to the Government's Motion by no later than September 23, 2024, or risk dismissal of his action for failure to prosecute. *See* Order Directing Resp., ECF No. 16. On September 24, 2024, the Court received Mr. Fowler's "Response to Order Dated 9/9/24," which the Court construed as a Response to the Government's Motion to Dismiss. *See* Resp. to Mot. to Dismiss, ECF No. 18; Order Permitting Filing, ECF No. 17. Pursuant to the Court's order, the Government filed its Reply on October 10, 2024. *See* Reply, ECF No. 20. Following the close of briefing, Mr. Fowler filed a motion to "strike defendant's second motion to dismiss," *see* ECF No. 22, which the Court construed as a Sur-Reply and permitted Mr. Fowler to file.[2] *See* Order, ECF No. 21.

---

[2] Much of the motion appears to respond to the Government's arguments in its Motion to Dismiss. *See, e.g.*, ECF No. 22 at 1–2 ("[A]lthough this federal claims court is article I, because as a private Citizen mentioned in the trading with the enemy act (§ 9), [I] am now bound to the president, treasurer, and alien property custodian, and article III the rightful, lawful setting and constitutionally protected."). However, citing 28 U.S.C. § 173, it also includes a request for a change of venue. *Id.* at 2. Since the Court in its discretion has determined that oral argument would not assist it in resolving the Government's Motion, it is not necessary to consider whether any court proceedings should be held in the United States District Court for the Northern District

3

## II.  LEGAL STANDARDS

### A.  Pro Se Litigants

The Court liberally construes allegations in complaints filed by pro se litigants. *See Whiting v. United States*, 99 Fed. Cl. 13, 15 (2011); *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005). Despite this leniency, pro se litigants must still meet the same jurisdictional requirements that apply to all litigants. *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *see also Knighten v. United States*, No. 2024-1563, 2024 WL 4457474, at *1 (Fed. Cir. Oct. 10, 2024) ("[T]his principle does not relieve an unrepresented plaintiff of the obligation to establish jurisdiction."). Regardless of pro se status, a plaintiff always bears the burden of establishing subject-matter jurisdiction. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

### B.  Dismissal for Lack of Jurisdiction

As a threshold matter, the Court must assure itself of the existence of subject-matter jurisdiction before reaching the merits of a plaintiff's claims. *See* RCFC 12(b)(1), (h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–95 (1998)). A plaintiff must establish by a preponderance of evidence that the Court has jurisdiction over his claim. *Estes Express Lines*, 739 F.3d at 692. Without subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and

---

of Florida. Nor would it be in the interest of justice to transfer this matter to the district court. *See* 28 U.S.C. § 1631. Mr. Fowler already attempted unsuccessfully to bring his TWEA claim in the district court. *See Fowler v. United States of America*, No. 5:23-cv-00303 (N.D. Fla.) (dismissed without prejudice under 28 U.S.C. § 1915(g)). And in any event, the Act appears facially inapplicable to the allegations underlying Mr. Fowler's Complaint. *See Adderley v. Austin*, No. 4:24-CV-302, 2024 WL 4093211, at *2 (N.D. Fla. Aug. 22, 2024), *R&R adopted*, 2024 WL 4068762 (N.D. Fla. Sept. 5, 2024).

dismissing" the case. *Health Republic Ins. Co. v. United States*, 161 Fed. Cl. 510, 517 (2022) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

The Tucker Act establishes this Court's jurisdiction. *See* 28 U.S.C. § 1491. It provides, in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

*Id.* § 1491(a)(1). As established precedent explains, this provision limits the jurisdiction of the Court to hear only a specific subset of legal actions: (1) claims for money damages against the United States that are founded either upon a provision of law that mandates compensation by the Government for the "damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216–14 (1983); (2) claims founded upon contracts with the United States that are "either express or implied in fact," not "in law," *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996); and (3) actions to recover "illegal exactions of money by the United States," *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act does not independently create a substantive cause of action against the United States. *See Terran ex rel. Terran v. Sec'y Health & Hum. Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). Thus, a plaintiff must point to a separate money-mandating constitutional provision, statute, regulation, or contract with the United States that gives him a right to money damages. *See id.*

If the right is against any other person or entity, jurisdiction does not lie here. That is because the "Court of Federal Claims lacks jurisdiction over claims against defendants other than the United States." *Jammer v. United States*, 62 F. App'x 926, 926 (Fed. Cir. 2003); *see* 28 U.S.C. § 1491(a)(1). Indeed, the United States Court of Appeals for the Federal Circuit has explained that the Court of Federal Claims is "clearly correct" to dismiss a cause of action for lack of jurisdiction,

even where the pro se plaintiff names the United States—or by inference, U.S. officials—as a defendant if there are "no facts that even remotely suggest that the United States government had any involvement whatsoever" in the misconduct that the plaintiff alleges. *Jammer*, 62 F. App'x at 926 (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).

Even assuming a plaintiff has pled a claim within the Court's subject-matter jurisdiction, the Court may nonetheless dismiss the claim if it is untimely. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition" is "filed within six years" after the claim "first accrues." 28 U.S.C. § 2501; *see also Franconia Assocs. v. United States*, 536 U.S. 129, 144–45 (2002). Because § 2501 creates a jurisdictional time bar on hearing claims filed in the Court of Federal Claims, the Court must consider sua sponte whether a plaintiff's action is timely even if the Government has failed to invoke the provision. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132, 134 (2008). The statute of limitations is "absolute" and "not susceptible to equitable tolling." *Id.* at 135–36; *see also Reoforce, Inc. v. United States*, 853 F.3d 1249, 1264 (Fed. Cir. 2017).

### III. DISCUSSION

There are three independent reasons why the Court does not have jurisdiction over Mr. Fowler's claims. First, the Court lacks jurisdiction over allegations that implicate state government officials and agencies, rather than the United States, or that challenge state court proceedings. Second, Mr. Fowler's Complaint asserts claims based on non-money-mandating sources of law, and even where it arguably asserts money-mandating claims, it does not contain nonfrivolous factual allegations that Mr. Fowler has a right to money damages against the United States. Finally, even charitably construing the claims and factual allegations in Mr. Fowler's Complaint, his lawsuit is time-barred under the six-year statute of limitations that applies to actions in the

Court of Federal Claims.  The Court takes each basis for dismissal in turn.

### A. The Court Lacks Jurisdiction Over Claims Against State Government Officials and Agencies, or That Challenge State Court Decisions.

Mr. Fowler's claims against Florida government officials and agencies are beyond this Court's jurisdiction.  28 U.S.C. § 1491(a)(1).  In the Court of Federal Claims, "the *only* proper defendant . . . is the United States, not its officers, nor any other individual."  *Stephenson v. United States*, 58 Fed. Cl. 186, 191 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).  In other words, "if the relief sought is against others than the United States the suit must be ignored as beyond the jurisdiction of the court."  *Sherwood*, 312 U.S. at 588; *see Jammer*, 62 F. App'x at 926; *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (dismissing claims implicating state and local officials for lack of jurisdiction).

In applying this principle, the Court considers the substance of a complaint over its form. *See Williams v. Sec'y of the Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986); *see also Brazos Elec. Power Coop., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998).  To meet the Court's jurisdictional requirements, a plaintiff's complaint must not only name the United States as the defendant pursuant to RCFC 10(a), its allegations must also implicate the United States.  *See May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997) (dismissing landowner's complaint related to local river project, which captioned the United States as the sole defendant, because all substantive allegations were against state and private entities).

If the action amounts to a collateral challenge to a state court proceeding, there is an additional ground for dismissal.  This Court does not have jurisdiction to review decisions of either state courts or federal district courts.  28 U.S.C. § 1491(a); *see, e.g.*, *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("[T]he Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); *Lord Noble*

7

*Kato Bakari El v. United States*, 127 Fed. Cl. 700, 704 (2016) ("[The Court of Federal Claims] lacks jurisdiction to review the decisions of state courts."). A plaintiff's sole recourse in such circumstance is "the statutorily defined appellate process." *Shinnecock*, 782 F.3d at 1353 (citing 28 U.S.C. § 1291).

In the Complaint, Mr. Fowler names only the Governor of Florida, the Chief Financial Officer of the Florida Department of Financial Services, the Florida Department of Revenue, and court officials of the Sixth Judicial Circuit of Florida as defendants. ECF No. 1 at 1. And he seeks relief in the form of an order requiring these "opposing parties" to, among other things, provide a full accounting of his property and "to [] deliver up and release the securities." *Id.* at 6. None of these state officials or entities are subject to the Court's jurisdiction. *See Sherwood*, 312 U.S. at 588; *Jammer*, 62 F. App'x at 926. Moreover, the substance of Mr. Fowler's allegations stem from a bond or forfeiture proceeding in Florida state court, which apparently resulted in the alleged seizure of his property. ECF No. 1 at 3. The Court, however, does not have jurisdiction to review decisions of state courts. *See, e.g.*, *Bakari El*, 127 Fed. Cl. at 704. Although Mr. Fowler's Response to the Government's Motion included a revised caption naming several federal officials, nowhere does his Complaint or Response assert facts implicating actions of the United States. ECF No. 18 at 1; *see May*, 38 Fed. Cl. at 416. Accordingly, the Court lacks jurisdiction over Mr. Fowler's claims against improper state defendants.

    **B.**    **Mr. Fowler Has Also Failed to Assert Money-Mandating Claims that Invoke the Court's Subject-Matter Jurisdiction.**

Even setting aside the issue of improper defendants, to invoke this Court's subject-matter jurisdiction, Mr. Fowler must make nonfrivolous factual allegations that he has a right to money damages under a substantive source of law, not sounding in tort. *See* 28 U.S.C. § 1491(a)(1); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005); *Roth*, 378 F.3d at 1384. Although

8

Mr. Fowler's Complaint and Response refer to several sources of law, none of his allegations are sufficient to establish jurisdiction.

Mr. Fowler relies primarily on the Trading with the Enemy Act ("TWEA"), 50 U.S.C. § 4309. *See* ECF No. 1 at 1; ECF No. 18 at 1. He also cites several Florida statutes. *See* ECF No. 1 at 5 (citing Fla. Stat. § 27.12 (establishing procedures for Florida State Attorneys to settle judgments or claims in favor of the State); *id.* § 27.13 (establishing procedures for Florida State Attorneys to report settlements to the State's Department of Financial Services); *id.* § 55.10 (establishing procedures for parties to vindicate their security interests in state court). Mr. Fowler further alleges that Defendants entered into an "illegal contract." ECF No. 1 at 3. Finally, he cites two constitutional provisions: the Fourteenth Amendment, in what appears to be a due-process claim, and the Fifth Amendment, in what appears to be a takings claim. *See id.* at 3, 4.

To start, the TWEA cannot provide a substantive cause of action to sue in this Court because, as the Government correctly argues, *see* ECF No. 20 at 4, the Act vests federal district courts with exclusive jurisdiction over claims arising under the statute. *See* 50 U.S.C. § 4309(a) (providing individual claimants under the TWEA with a right to "institute a suit in equity in the United States District Court for the District of Columbia or in the district court of the United States for the district in which such claimant resides"); *see Ledford v. United States*, 697 F.3d 1378, 1382 (Fed. Cir. 2002). "The Court of Federal Claims is not a district court of the United States, and therefore it lacks subject matter jurisdiction" over Mr. Fowler's claims founded upon the TWEA. *Ledford*, 697 F.3d at 1382.

State statutes similarly cannot serve as a basis to maintain a cause of action in the Court of Federal Claims. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). The jurisdiction of this Court is expressly limited to "monetary claims founded upon the U.S.

Constitution, federal statutes or regulations, or federal contracts." *Id.* (citing *Mitchell*, 463 U.S. at 215–18); *see* 28 U.S.C. § 1491(a)(1). Any violations of state law that Mr. Fowler alleges are not cognizable in this Court. *See* ECF No. 1 at 5. Relatedly, several of Mr. Fowler's claims appear to invoke certain varieties of fraud—*i.e.*, "fraudulent property claims," "fraudulent concealment," "fraudulent conveyance," "intrinsic fraud," and "breach of trust with fraudulent intent." *Id.* at 3. The Court construes such claims as "grounded upon fraud, which is a tort," and thus the Court similarly "lacks jurisdiction over those claims" under the Tucker Act. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).

The next category of claims that Mr. Fowler asserts concerns what he alleges was an "illegal contract." ECF No. 1 at 3. He makes several other claims that appear to be related to his contractual claims, like "imperfected title," "illegal withholding of title," "unjust enrichment," "inequitable conduct," and non-performance of fiduciary duties. *Id.* at 3, 5. In certain circumstances, contract claims are cognizable in this Court. *See* 28 U.S.C. § 1491(a). To invoke this Court's jurisdiction, however, Mr. Fowler must make a "non-frivolous allegation that a contract exists between [himself] and the United States." *Ibrahim*, 799 F. App'x at 867; *see Erickson Air Crane Co. of Wash., Inc. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract . . . ."). He has not done so. As explained above, the Complaint does not mention any federal action that could possibly suggest the creation of a contract between Mr. Fowler and the United States. *See Jammer*, 62 F. App'x at 926. The misconduct that Mr. Fowler alleges concerns state actions related to proceedings in state court. *See* ECF No. 1 at 3 ("[T]he 6th jud. cir., [F]lorida, seized property . . . ."); *id.* at 4 ("The opposing parties admit that all securities, bonds, money, and [] property are held in the clerk's registry . . . in the clerk of court, of the 6th judicial circuit.").

Only Mr. Fowler's constitutional claims remain. The first is a due-process claim under the Fourteenth Amendment. It is well established that such a claim is not cognizable in the Court of Federal Claims because the Fourteenth Amendment contains no money-mandating provision that entitles a plaintiff to money damages against the United States. *See, e.g.*, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Accordingly, this Court has "no jurisdiction over plaintiff's alleged violations" of his due-process rights. *Id.*

Mr. Fowler's second constitutional claim, essentially alleging a Fifth Amendment taking, similarly does not suffice to invoke this Court's subject-matter jurisdiction. Although the Fifth Amendment is a money-mandating provision generally sufficient to establish this Court's jurisdiction, *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008), a claimant must make a nonfrivolous allegation that the conduct complained of is traceable to actions taken by the United States. *See* 28 U.S.C. § 1491(a)(1); *Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005) (noting that dismissal "for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy'" (quoting *Steel*, 523 U.S. at 89)); *see also Langenegger v. United States*, 756 F.2d 1565, 1571 (Fed. Cir. 1985) ("When considering a possible taking, the focus is not on the acts of others, but on whether sufficient direct and substantial United States involvement exists." (emphasis omitted)). Mr. Fowler has not cleared that low bar because he has failed to provide any factual basis for an alleged taking by the United States. His Complaint includes only allegations about the conduct of state officials and agencies. *See* ECF No. 1 at 3–5; ECF No. 18 at 1–2 (asserting only that federal courts and officials must comply with federal statutes). Nowhere does he describe any conduct by the United States Government that might be construed as a

11

governmental taking. As a result, this Court lacks jurisdiction over his Fifth Amendment claim.

Further, even assuming he sufficiently alleges a taking by the United States, Mr. Fowler fails to "concede the validity of the government action which is the basis of the taking claim," a concession that is necessary to invoke this Court's subject-matter jurisdiction. *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802–03 (Fed. Cir. 1993); *see also Noll v. United States*, No. 2024-1174, 2024 WL 3517627, at *3 (Fed. Cir. July 24, 2024) (citing *Tabb Lakes*, 10 F.3d at 802–03) (noting that the Circuit has sometimes treated the issue as a jurisdictional defect and sometimes as a failure to state a claim, but affirming in any event). Mr. Fowler's Complaint does not concede anywhere that the alleged deprivation of his property was lawful. To the contrary, he insists that the seizure was "improper," "wrong," and "illegal." ECF No. 1 at 2–4; *see also* ECF No. 18 at 2. Because Mr. Fowler alleges only unauthorized government actions, this Court lacks jurisdiction over his Fifth Amendment takings claim.

In sum, although Mr. Fowler alleges a variety of wrongs, the Court lacks subject-matter jurisdiction over all of his claims.

### B. Mr. Fowler's Complaint Is Barred by the Statute of Limitations.

The Court additionally lacks jurisdiction because Mr. Fowler's Complaint, which was filed on June 4, 2024, was untimely. Construing Mr. Fowler's filing in his favor, the earliest possible date by which the Complaint could have been filed under the prison mailbox rule is May 22, 2024, the date Mr. Fowler included on the affirmation that he signed. ECF No. 1 at 6; *see* Envelope at 1, ECF No. 1-2 (showing that Mr. Fowler's mail was postmarked on May 22, 2024); *see also Sharpe v. United States*, 111 Fed. Cl. 334, 337 (2013) ("[T]he prison mailbox rule is applicable in this court with respect to the filing of an incarcerated pro se plaintiff's complaint."); *Bernaugh v. United States*, 168 F.3d 1319 (Fed. Cir. 1998) (unpublished table opinion). To be timely, then,

12

Mr. Fowler's cause of action must have "first accrue[d]" on or after May 22, 2018, within six years of Mr. Fowler's earliest possible filing date. 28 U.S.C. § 2501.

"[T]he standard rule [is] that the limitations period commences when the plaintiff has 'a complete and present cause of action.'" *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Calif.*, 522 U.S. 192, 201 (1997) (quoting *Rawlings v. Ray*, 312 U.S. 96, 98 (1941)). As the Supreme Court explained, this generally happens "when all the events have occurred which fix the liability" of the Government, if "the plaintiff knew or should have known of the existence of the events fixing the government's liability." *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355–56 (Fed. Cir. 2006) (quoting *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006)), *aff'd*, 552 U.S. 130 (2008). For cases involving "discrete governmental action[s]," determining "the date of accrual is relatively straightforward." *Mississippi v. United States*, 173 Fed. Cl. 91, 100 (2024). The claim accrues when the act occurs. *See Goodrich*, 434 F.3d at 1333 (quoting *All. of Descendants of Tex. Land Grants v. United States*, 37 F.3d 1478, 1481 (Fed. Cir. 1994)).

The conduct about which Mr. Fowler apparently complains occurred, by Mr. Fowler's own description, on April 11, 2018. *See* ECF No. 1 at 3. On that date, Mr. Fowler alleges that "the 6th jud. cir." of Florida "seized property," resulting in the "commission of the underlying" offenses upon which Mr. Fowler bases his claims. *Id.* Mr. Fowler's Complaint contains no allegations identifying any later dates by which the cause of action could have accrued. The only mention of later events concerns "auxiliary proceedings," which the seizure of property apparently "determined." *Id.* Mr. Fowler further indicates that he remains incarcerated and that the property he seeks remains in the State's custody. *Id.* at 4–6. But nowhere in his Complaint does Mr. Fowler provide any further detail on the kinds of auxiliary proceedings that happened in court, when the

proceedings commenced and concluded, whether he has been subject to a temporary or permanent deprivation of property, or any other factual allegations that might provide a basis for determining that his claim accrued any later than April 11, 2018. In his Response, Mr. Fowler appears to allege that certain federal officials continue to violate federal laws like the TWEA. *See* ECF No. 18 at 2–3. But those allegations appear unrelated to the alleged misconduct that forms the basis of Mr. Fowler's Complaint: the loss of his property. Further, Mr. Fowler provides no additional factual allegations concerning the timeline of the alleged misconduct, either by the state officials identified in his Complaint or the federal officials identified in his Response. *See id.* at 1–3.

Even construed liberally, Mr. Fowler's allegations establish only that the State of Florida took some discrete action (i.e., it seized his property) on April 11, 2018. To be timely, he needed to have filed this action within six years of that date. *See* 28 U.S.C. § 2501. He did not. Under the statute of limitations that applies to actions in the Court of Federal Claims, Mr. Fowler's suit is time-barred and thus this Court has no jurisdiction to hear his claims.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** the Government's Motion to Dismiss (ECF No. 8) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) for lack of jurisdiction. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**


Dated: November 18, 2024              */s/ Kathryn C. Davis*
                                      KATHRYN C. DAVIS
                                      Judge